## Case No. 14,614.

### UNITED STATES v. BLUM.

[See Case No. 15,922.]

## Case No. 14,615.

### UNITED STATES v. BLUNT et al.

[7 Chi. Leg. News, 258.]

Circuit Court, W. D. North Carolina. April, 1875.

INDICTMENT—CONSPIRACY — OVERT ACT — LIMITATION OF PROSECUTION.

This was an indictment against [James Blunt and J. T. Deweese] the defendants under the act of March 2d. 1867, found at Asheville, in the Western district of North Carolina, in November, 1872, and brought to trial in October, 1874, at Statesville, before Hon. ROBERT P. DICK, District Judge. The defendant Blunt was the only party on trial. Pleas not guilty, and statute of limitations. Verdict, guilty. Motion for a new trial and motion in arrest, were entered by the defendant's counsel, and adjourned by consent of parties to the April term, 1875, to be heard at Greensboro. The facts in the case are briefly these:

Under a treaty between the United States and the Cherokee Indians, made at New Echota, Ga., in 1835, the government obtained for a stipulated price. all the lands of the Cherokees, east of the Mississippi river, and among other things stipulated, the government agreed to pay to each head of a family the sum of $20 and one year's provisions, or if he chose, in lieu thereof, the sum of $33.33, and the Indians were to be removed to the western reservations. In the year 1836, there was a supplemental treaty, by which a sum of money equal to $53.33 per capita was to be set apart, upon which interest should be paid from the treasury annually at the rate of six per centum to those Indians who remained east of the Mississippi, until such Indians "shall remove west," when the whole amount of $53.33, shall be paid to them. In the year 1868, an act was passed by congress to transfer from the secretary of the treasury to the department of interior, certain duties connected with Indian affairs, and providing that a new census roll of the Cherokee Indians in western North Carolina, should be taken, upon which payments of accrued interest should be made (no interest having been paid them since the beginning of the war.) Under this

act one Swetland was appointed to make the census roll, which was made and approved by the defendant in 1868. Swetland was then appointed special agent to make the payments according to the roll; the defendants Blunt and Deweese were his bondsmen. Upon the proper requisition, the sum of $48,500.96 was paid to the special agent, who immediately paid over to Blunt the sum of $12,000, it being twenty-five per cent. claimed by Blunt, under a contract previously made with the Indians. This money was paid to Blunt before the agent had received special instructions from the commissioner with regard to payments and disbursements. After this payment was made to Blunt, the agent proceeded to North Carolina and paid each Indian his per capita share, to wit: $32.00, but immediately after the agent so paid, a man by the name of Askew, who pretended to represent Blunt, claimed from the Indians the sum of $800, his proportionate part of the $12,000 —which sum of $800 was handed by Askew to Swetland and paid out again by him to other claimants, thus making the vouchers correspond with the roll. Some of the Indians paid without much objection, others declined to pay at all. When Swetland filed his vouchers with the defendant in 1869, there was a deficit of $6,771.00, on his part. Some of the Indians were not paid anything. In March, 1868, Blunt and Deweese were appointed by the Cherokees to prosecute all claims, of whatsoever nature, in their behalf, before the department at Washington. And under this power of attorney, Blunt succeeded in having their claims put in such a shape as to enable them to secure their accumulated interest fund. No amounts for services were specified in that power of attorney; but subsequently, December, 1868, this power of attorney was revoked. and another to Blunt alone was executed, by which he was to receive various amounts for services, and under this subsequent contract Blunt claimed the $12,000, out of the interest fund. The Indians denied that he was to receive anything for services in that regard, but the contract so entitled him.

The bill of indictment had six counts, but none of them set out in specific terms any overt act. Upon the trial at Statesville, the counsel for the defendants moved to quash the bill, which motion was refused by the district judge. The defendants then pleaded the statute of limitations, and alleged that more than five years having elapsed from the obtaining the $12,000 by Blunt, until the finding of the bill, the prosecution was barred, which motion was also overruled, the judge charging the jury that this was a continuous conspiracy, until Blunt paid back the $12,000, and the statute would not bar it.

The jury returned a verdict of guilty, and hearing of the motions for a new trial and in arrest, was adjourned to the April term, at Greensboro.

The case was brought on a hearing before

BOND, Circuit Judge, and DICK, District Judge.

All but the three counts in the bill of indictment were abandoned, to wit: (1) A general allegation, that the defendants conspired to defraud the government. (2) That the defendants conspired to make out a false census roll, etc., with intent to defraud the government, etc., without alleging that they did make a false roll, etc. (3) That it was the duty of Swetland to receive and pay out the $48,800.96, and that he did so receive it, and that afterwards the defendants conspired to defraud the government out of that sum, without stating in what manner or that the government was defrauded out of that amount or any part of it.

Upon the trial of this case, at Statesville, before DICK, District Judge, the government was represented by District Attorney Lusk and Assistant Attorneys Marcus Erwin and W. S. Ball, and also by Thomas B. Keogh, of Greensboro, and N. Woodfin, of Asheville, N. C. The defendant was represented by Hon. James M. Leach, of Lexington, N. C., and John N. Staples, of Mendenhall, and Staples, of Greensboro.

The motion was argued before BOND, Circuit Judge, by M. Erwin and N. Woodfin, for the government, and John N. Staples and Ex-Senator Matt H. Carpenter, of Wisconsin, for defendant.

The defendant, Blunt, was a major general in the Union army.

The COURT held:

1. That the bill was defective, in that it alleged no overt act; the act of March 2nd, 1867, requires some overt act to be committed, before the offense is complete.

2. That the motion for a new trial is allowed, and

3. That the prosecution is bound by the statute of limitations.

The defendant, Blunt, was ordered to be discharged.